Form G-8

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re   John J. Pappas,                )
                                       )
                                       )   Bankruptcy No. ____16-13061____
                                       )
            Debtor.                    )   Chapter            11

## COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
## (IN CASES UNDER CHAPTERS 7, 11 AND 12)

Name of Applicant: _____CRANE, SIMON, CLAR & DAN, Debtor's Former Counsel_____

Authorized to Provide Professional Services to: _____Debtor_____

Date of Order Authorizing Employment: _____May 19, 2016 (Retroactive to April 15, 2016)_____

Period for Which Compensation is Sought:
From _____April 15_____, __2016__ through _____October 25,_____, __2017__

Amount of Fees Sought: $ 89,253.50 (Final) including $35,209.00 for 3/19/17 thru & including 10/25/17

Amount of Expense Reimbursement Sought: $ 2,839.75 (Final) including $927.10 for 3/19/17 thru & including 10/25/17

This is an:   Interim Application _____   Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 5/4/2017 | 4/15/16 to 3/17/17 | $55,957.15 | $55,957.15 | $55,957.15 |

Dated:   December 11, 2018            /s/Arthur G. Simon
                                          (Counsel)

(Rev 11/19/10)

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| John J. Pappas | ) Case No. 16-13061 |
| | ) Chapter 11 |
| Debtor/Debtor-in-Possession. | ) Judge Pamela S. Hollis |

### NOTICE OF HEARING ON MOTION FOR FINAL ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S FORMER COUNSEL

TO ALL CREDITORS AND PARTIES IN INTEREST:

PLEASE TAKE NOTICE that on December 11, 2018, the law firm of Crane, Simon, Clar & Dan, former counsel for the Debtor, filed a Motion for Final Allowance of Compensation and Reimbursement of Expenses (the "CSCD Motion"), requesting the sum of $89,253.50 for legal services rendered to the Debtor for the period commencing April 15, 2016 through and including October 25, 2017, plus costs advanced for the same period in the sum of $2,839.75, which includes the amount of $35,209.00 and $927.10 respectively for legal services rendered to the Debtor during the period March 19, 2017 through October 25, 2017.

PLEASE TAKE FURTHER NOTICE that any person objecting to the CSCD Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **4th day of January, 2019**, with a copy of said objection(s) to be simultaneously served upon Arthur Simon, Crane, Simon, Clar & Dan, 135 South LaSalle, Suite 3705, Chicago, Illinois 60603.

PLEASE TAKE FURTHER NOTICE that a hearing on the CSCD Motion, together with objections timely filed, if any, will be held before the Honorable Pamela S. Hollis, Bankruptcy Judge, Courtroom No. 644, 219 South Dearborn Street, Chicago, Illinois, on the **10th day of January, 2019, at the hour of 10:00 a.m.**, at which time and place you may appear if you so see fit.

DATED: December 11, 2018

**DEBTOR'S FORMER COUNSEL:**
Arthur G. Simon, Esq.(Atty. No. 03124481)
Jeffrey C. Dan. Esq. (Atty. No. 06242750)
Crane, Simon, Clar & Dan
135 South LaSalle Street, Suite 3705, Chicago, IL 60603
TEL: (312) 641-6777 FAX: (312) 641-7114
W:\AGS\Pappas\Final Fee CSCD.NOT.docx

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| John J. Pappas | ) | Case No. 16-13061 |
| | ) | Chapter 11 |
| Debtor/Debtor-in-Possession. | ) | Judge Pamela S. Hollis |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on the 10th day of January, 2019, at the hour of 10:00a.m., or as soon thereafter as counsel can be heard, I shall appear before the Honorable Pamela S. Hollis, Bankruptcy Judge, in Room 644 of the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the Motion for Allowance of Final Compensation and Reimbursement of Expenses to Debtor's Former Counsel, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/Arthur G. Simon
Crane, Simon, Clar & Dan
135 S. LaSalle St., Suite 3705
Chicago, Illinois 60603
(312) 641-6777

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion, as well as a copy of the Notice regarding the Fee Hearing, to be served on certain parties (where asterisked) via the Court's Electronic Filing System ("ECF") (where indicated) or by first class U.S. Mail, postage prepaid (where indicated) and a copy of the Notice regarding the fee hearing to all other parties on the attached service list via First Class U.S. Mail postage pre-paid, on the 11th day of December, 2018 before the hour of 5:00 p.m.

/s/Arthur G. Simon

Case 16-13061   Doc 201   Filed 12/11/18   Entered 12/11/18 09:39:26   Desc Main
            Document      Page 4 of 14

Service List

**Via ECF**
United States Trustee*
219 S. Dearborn St.
Suite 873
Chicago, IL 60604
Email: USTPRegion11.ES.ECF@usdoj.gov

David K. Welch *
Burke Warren MacKay & Serritella PC
330 N. Wabash Ave., 21st Fl.
Chicago, IL 60611
Email: dwelch@burkelaw.com

Brian P Welch *
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash, 21st Floor
Chicago, IL 60611
(312) 840-7000
Email: bwelch@burkelaw.com

Brandon R. Freud, Esq. *
Ruff, Freud Breems & Nelson Ltd.
200 N. LaSalle St., Ste. 2020
Chicago, IL 60601
Email: bfreud@rfbnlaw.com

Berton J. Maley, Esq. *
Rachael A. Stokas, Esq.
Glorai C. Tsotsos, Esq.
Jose G. Moreno, Esq.
Peter C. Bastianen, Esq.
Joel P. Fonferko, Esq.
Codilis & Associates PC
15W030 N. Frontage Rd., Ste. 100
Burr Ridge, IL 60527
Email: ND-One@il.cslegal.com

JP Morgan Chase Bank, N.A. *
c/o Amanda J. Doyle and Amanda J. Wiese
Heavner Beyers & Mihlar, LLC
P.O. Box 740
Decatur, Illinois 62525-0740
Email: bankruptcy@hsbattys.com

Lawrence M. Benjamin*
Reed Smith LLP
10 S. Wacker Dr., 40th Fl.
Chicago, IL 60606
Email: lbenjamin@reedsmith.com

John J. Scharkey*
Sweeney & Scharkey LLC
111 W. Washington St.
Burnham Center, Ste. 1160
Chicago, IL 60602
Email: jscharkey@sweeneyscharkey.com

David P. Leibowitz*
Lakelaw
53 W. Jackson Blvd, Ste. 1610
Chicago, IL 60604
Email: dleibowitz@lakelaw.com

Carrie A. Zuniga*
Lesser Lutrey Pasquesi & Howe LLP
191 E. Deerpath Rd., Ste. 300
Lake Forest, IL 60045
Email: zuniga@llphlegal.com

**Via First Class U.S. Mail**
John J. Pappas*
23 W. County Line Rd.
Barrington Hills, IL 60010

Alyssa Mogul, Esq
Grund & Leavitt PC
812 N. Dearborn St.
Chicago, IL 60610

Ashley Funding Services, LLC
its successors and assigns
as assignee of Laboratory
Corporation of America Holdings
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Capital One NA
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Chase Freedom
PO Box 15153
Wilmington, DE 19886

Chase Rapid Rewards Mastercard
PO Box 15153
Wilmington, DE 19886

Department of Treasury, IRS
230 S. Dearborn
Room 2600, M/S 5014CHI
Chicago, IL 60604

Home Depot-Citibank
PO Box 790328
Saint Louis, MO 63179

HSBC Bank N.A., as Trustee
c/o Ocwen Loan Servicing, LLC
Attn: Bankruptcy Dept
P.O. Box 24605
West Palm Beach, FL 33416-4605

J&B Mechanical, Inc.
128 West Pratt Blvd.
Schaumburg, IL 60172
JPMorgan Chase Bank, N.A.
National Bankruptcy Dept.
P.O. Box 29505 AZ1-1191
Phoenix, AZ 85038-9505

Mazda Capital Services
PO Box 78074
Phoenix, AZ 85062

Nordstrom Bank Visa
PO Box 79137
Phoenix, AZ 85062-9137

Ocwen Loan Servicing LLC
PO Box 24738
West Palm Beach, FL 33416-4738

Ocwen Loan Servicing, LLC as
servicer for HSBC BAN
c/o Codilis & Associates
15W030 N. Frontage Rd, Ste 100
Burr Ridge, IL 60527

Pappas & Healy LLC
221 N LaSalle St Suite 5400
Chicago, IL 60610

PNC Bank
2739 Liberty Ave.
Pittsburgh, PA 15222

PNC Bank, N.A.
PO Box 94982
Cleveland, Ohio 44101

Sears Mastercard
PO Box 9001055
Louisville, KY 40290-1055

Wintrust Bank
Brandon R Freud
200 N LaSalle St, Suite 2020
Chicago, IL 60601

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Case No. 16-13061 |
| John J. Pappas, | ) Chapter 11 |
| | ) |
| Debtor/Debtor-in-Possession. | ) Judge Pamela S. Hollis |

## MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S FORMER COUNSEL

Arthur G. Simon, Jeffrey C. Dan and the law firm of Crane, Simon, Clar & Dan, former counsel to John J. Pappas, Debtor/Debtor-in-Possession ("Debtor") herein, make their Motion pursuant to Section 330 of the Bankruptcy Code for Allowance of Final Compensation and Reimbursement of Expenses for legal services rendered and expenses incurred, including those rendered and incurred during the period March 19, 2017, through October 25, 2017; and in support thereof; states as follows:

**Introduction**

1. On April 18, 2016, Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date").

2. The Debtor is operating his business and managing his financial affairs as Debtor-in-Possession. No trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157(b)(2)(A) and (O).

1

4. On May 19, 2016, this Court entered an Order authorizing the Debtor to retain Crane, Heyman, Simon, Welch & Clar ("CHSWC")[1] as his counsel in this Chapter 11 case retroactive to April 15, 2016, with compensation subject to the further Order of this Court.

5. By this Motion, CSCD requests an allowance of final compensation and reimbursement of expenses in the aggregate amounts of $89,253.50 and $2,839.75, respectively, for legal services rendered to the Debtor during the period April 15, 2016 through October 25, 2017, which would include the amounts of $35,209.00 and $927.10, respectively, for legal services rendered to the Debtor during the period March 19, 2017 through October 25, 2017. The itemizations of the legal services rendered and expenses incurred during the period March 19, 2017 through October 25, 2017 are attached to this Motion as Exhibits A, B, C, D and E respectively.

6. CSCD has received one prior allowance of interim compensation and expenses pursuant to an Order dated May 4, 2017 in this Chapter 11 case, in the aggregate amounts of $54,044.50 and $1,912.65 for the period April 15, 2016 through March 17, 2017. ("First Allowance"). The First Allowance has been paid in full and includes the application of the pre-petition retainer received by CHSWC in the amount of $32,000.00.

7. The Debtor is an attorney licensed to practice law in the State of Illinois and is a member of the law firm of The Pappas Law Group, LLC.. The Debtor also owns and operates Shamrock Farms which is a horse farm located in Barrington Hills, Illinois ("Horse Farm").

8. Wintrust Bank, f/k/a North Shore Community Bank & Trust Co. ("Bank"), has asserted claims against the Debtor and his former law firm, Pappas & Healy LLC ("P&H") in an aggregate amount of approximately $600,000.00 ("Aggregate Indebtedness").

---

[1] The Order entered authorized the Debtor to employ CHSWC. In November, 2017, David Welch left the firm and the name of the firm changed to Crane, Simon, Clar & Dan ("CSCD"). On November 30, 2017, the attorneys at CSCD withdrew as counsel for the Debtor pursuant to Order of this Court.

2

9. The Aggregate Indebtedness is comprised of amounts allegedly due under two (2) business notes due from P&H in the approximate amount of $200,000.00 and an alleged overdraft in an account of P&H at the Bank in the approximate amount of $397,631.30. This overdraft arose from a wire transfer from P&H's account at the Bank that was funded by the Bank when the account lacked sufficient funds to cover the wire transfer. The Debtor and P&H asserted that the Bank was negligent in funding this wire transfer as it knew, or should have known, that insufficient funds existed to cover this wire transfer and, despite this knowledge, the Bank processed the wire transfer to a third party (the "Wire Transfer").[2] The Bank has asserted that the Aggregate Indebtedness is also purportedly secured by a mortgage on the Debtor's residence in Barrington Hills, Illinois ("Residence").

10. Prior to the Petition Date, the Bank confessed judgment on the amounts due and owing under the P&H business notes and, then, pursued collection of this judgment by, among other things, setting off against P&H accounts at the Bank. Among the accounts against which the Bank setoff was P&H's IOLTA client's funds account. The Bank returned the funds in the IOLTA account after objections were filed by P&H and certain P&H clients to this action by the Bank.

11. The Bank also filed a foreclosure in the Circuit Court of Lake County, Illinois against the Residence in an effort to collect the Aggregate Indebtedness.

12. These actions against P&H and the Debtor by the Bank were major contributing factors to the Debtor's inability to make his substantial maintenance payment obligations to his former spouse. These same actions by the Bank were the triggering events for the filing of this Chapter 11 case.

---

[2] This overdraft arose from a wire transfer from P&H's account at the Bank that was funded by the Bank when the account lacked sufficient funds to cover the wire transfer.

3

13. The Debtor has resolved his disputes with the Bank and his former spouse and there is pending before this Court a hearing on confirmation of the Debtor's Plan of Reorganization.

**Compensation and Expenses Requested**

14. CSCD is a law firm whose practice is almost exclusively concentrated in the fields of bankruptcy, reorganization and insolvency. CSCD is currently comprised of five (5) members, and one (1) "of counsel" attorney, some of whom have participated in representing the Debtor in this bankruptcy case. Previously, CHSWC was comprised of five (5) members, one (1) associate and one (1) "of counsel" attorney.

15. The following is biographical information pertaining to the attorney who had been primarily involved in the representation of the Debtor. Other attorneys at CSCD have also participated to a lesser extent in the Chapter 11 case. Each such attorney has significant experience and expertise in bankruptcy, reorganization and litigation matters.

16. David K. Welch is a former member of the law firm and has been practicing law in the State of Illinois since 1982. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. From October, 1979, through June 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee. He has authored manuscripts for the Illinois institute of Continuing Legal Education on matters involving bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with his financial mediation and negotiation training,

4

he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and Reorganization is a former member of the Advisory Board of the American Bankruptcy Institute, and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

17. The hourly rates usually charged by CSCD in matters of this nature were as follows:

| Attorney | 2017 Hourly Rates |
|---|---|
| Eugene Crane | $510.00 |
| Arthur G. Simon | $510.00 |
| David K. Welch | $510.00 |
| Jeffrey C. Dan | $445.00 |
| Brian P. Welch | $325.00 |

18. The following is a chart that depicts the total hours that each attorney at CSCD expended in representing the Debtor during the period from March 19, 2017 through October 25, 2017:

| Attorney | Hours | Amount |
|---|---|---|
| Eugene Crane (EC) | .70 | $357.00 |
| Arthur G. Simon (AGS) | 9.3 | $4,743.00 |
| David K. Welch (DKW) | 55.70 | $28,407.00 |
| Jeffrey C. Dan (JCD) | 1.8 | $801.00 |
| Brian P. Welch (BPW) | 2.8 | $901.00 |
| TOTAL | 70.30 | $35,209.00 |

**Legal Services Rendered to the Debtor**

19. The representation of the Debtor is categorized in this Motion as follows:

A. **General Administration**
The matters in this category include assisting the Debtor with the general administration of this bankruptcy case, filing routine motions and filing professionals' fee applications and retention motions. Also included in this category are legal services related to assisting the Debtor with his monthly operating reports and other bankruptcy administrative matters and responding to general creditor inquiries.

**Total Time Expended**                                    **10.50 hours**

| **Attorney** | **Hours** | **Amount** |
|---|---|---|
| David K. Welch (DKW) | 10.50 | $5,355.00 |
| TOTAL | 10.50 | $5,355.00 |

Attached to this Motion as **Exhibit A** is an itemization of the legal services rendered in this category.

B) **Wintrust Bank Issues**
This Chapter 11 case was filed in response to the collection efforts by the Bank primarily emanating from the issues involving the Wire Transfer. Shortly after the Petition Date, the Bank filed a motion to dismiss or convert this Chapter 11 case. The Bank withdrew this Motion. The Debtor sought and obtained an order from this Court to conduct Rule 2004 discovery of the Bank. The Debtor also agreed to Rule 2004 discovery of the Debtor by the Bank. The Debtor and the Bank produced documents to each other pursuant to subpoena and the Debtor took the deposition of the Bank pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. After this discovery, CHSWC filed objections to the Bank's claim. The Debtor then filed the State Court Negligence Complaint against the Bank. These matters have been resolved.

**Total Time Expended**                                    **27.80 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Eugene Crane (EC) | .70 | $357.00 |
| Arthur G. Simon (AGS) | 7.3 | $3,723.00 |
| David K. Welch (DKW) | 17.50 | $8,925.00 |
| Jeffrey C. Dan (JCD) | .8 | $356.00 |
| Brian P. Welch (BPW) | 1.5 | $487.00 |
| TOTAL | 27.80 | $13,848.50 |

Attached to this Motion as **Exhibit B** is an itemization of the legal services rendered in this category.

    C)    **Post-Decree Dissolution Matters**

Another important issue in this Chapter 11 case relates to the Debtor's efforts in the State Court to modify his post-decree maintenance obligations to his former spouse. While the Debtor retained special counsel for this State Court matter, CHSWC generally assisted the Debtor and special counsel on this important issue, which has been resolved.

**Total Time Expended**　　　　　　　　　　　　　**5.2 hours**

| Attorney | Hours | Amount |
|---|---|---|
| Arthur G. Simon (AGS) | 2.0 | $1,020.00 |
| David K. Welch (DKW) | 3.2 | $1,632.00 |
| TOTAL | 5.2 | $2,632.00 |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

    D)    **Chapter 11 Exit Strategy**

CHSWC fully advised the Debtor with respect to his obligations relating to the formulation of a Plan of Reorganization ("Plan") and supporting Disclosure Statement. The exclusive periods relating to the Plan were extended by Orders of this Court, at times, over the objections of the Bank. The Debtor has filed a Plan of Reorganization which Plan was confirmed on October 4, 2018.

**Total Time Expended**　　　　　　　　　　　　　**26.80 hours**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch (DKW) | 24.50 | $12,495.00 |
| Jeffrey C. Dan (JCD) | 1.0 | $445.00 |

7

| | | |
|---|---|---|
| Brian P. Welch (BPW) | 1.3 | 422.50 |
| TOTAL | 26.80 | $13,362.50 |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

20. During the course of the representation of the Debtor during that period, CSCD incurred expenses of $927.10. These expenses are itemized in **Exhibit E** to this Motion.

**Conclusion**

21. Other than as provided in Section 504(b) of the Bankruptcy Code, CSCD has not shared, nor agreed to share, any compensation received as a result of this case with any person, firm or entity.

22. CSCD asserts that the compensation and expense reimbursements are fair and reasonable. The compensation requested is for the actual and necessary legal services rendered to the Debtor based upon the time, nature, extent and value of such professional services. CSCD further asserts that the cost of legal services rendered for and on behalf of the Debtor is comparable to the cost of similar services in matters other than under the Bankruptcy Code. CSCD asserts that the expenses for which reimbursement is sought in this Motion were actual and necessary expenditures required in the representation of the Debtor.

WHEREFORE, Arthur G. Simon, Jeffrey C. Dan, and the law firm of Crane, Simon, Clar & Dan, Debtor's former counsel, request the entry of an Order:

A) Allowing as a Chapter 11 administrative claim, compensation and reimbursement of expenses for the period March 19, 2017 through October 25, 2017 in the amounts of $35,209.00 and $927.10, respectively, and directing the Debtor to pay said sums;

B) Allowing as a Chapter 11 administrative claim, final compensation and reimbursement of expenses in the total amounts of $89,253.50 and $2,839.75; and

C)	for such other relief as this Court deems just.

                                               Crane, Simon, Clar & Dan,
                                               Debtor's Former Counsel

                                             By: /s/Arthur G. Simon

**DEBTOR'S FORMER COUNSEL**:
Arthur G. Simon, Esq. (Atty. No. 03124481)
Jeffrey C. Dan. Esq. (Atty. No. 06242750)
Crane, Simon, Clar & Dan
135 South LaSalle Street, Suite 3705
Chicago, IL 60603
TEL: (312) 641-6777, FAX: (312) 641-7114
W:\AGS\Pappas\Final Fee Application.MOT.docx