IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 16-13061 |
| John J. Pappas, Sr., | ) Chapter 11 |
| | ) Judge Pamela S. Hollis |
| | ) |
| Debtor/Debtor-in-Possession. | ) |

## NOTICE OF MOTION

TO:    ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on the 14th day of March, 2019 at 10:00 a.m. or as soon thereafter as counsel can be heard, I shall appear before the Honorable Pamela S. Hollis, Bankruptcy Judge, in the room usually occupied by her as courtroom 644 in the United States Bankruptcy Court in the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, or before any other Judge who may be sitting in her place and stead and shall present the **Motion For Allowance of Final Compensation and Reimbursement of Expenses to Debtor's Counsel**, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith.

AT WHICH TIME and place you may appear if you so see fit.

/s/David K. Welch
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash, 21st Floor
Chicago, Illinois 60611
(312) 840-7000

## CERTIFICATE OF SERVICE

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing **Notice of Motion** and attached **Motion For Allowance of Final Compensation and Reimbursement of Expenses to Debtor's Counsel** to be served on the parties listed on the attached service list via the Court's Electronic Filing System (ECF), who are entitled to receive such notice, and Notice regarding the fee hearing was served via U.S. Mail, properly addressed and postage prepaid, upon all parties on the attached service list, on the 21st day of February 2019.

/s/David K. Welch

## SERVICE LIST

**Via ECF:**

United States Trustee
219 S. Dearborn St., Suite 873
Chicago, IL 60604

Brandon R. Freud, Esq.
Ruff, Freud Breems & Nelson Ltd.
200 N. LaSalle St., Suite 2020
Chicago, IL 60601

Joel P. Fonferko, Esq.
Peter C. Bastianen, Esq.
Codilis & Associates PC
15W030 North Frontage Rd.
Suite 100
Burr Ridge, IL 60527

JP Morgan Chase Bank, N.A.
c/o Amanda J. Weise
Heavner Beyers & Mihlar, LLC
111 E. Main Street
Decatur, Illinois 62525-0740

David P. Leibowitz
Lakelaw
53 West Jackson Blvd., Suite 1610
Chicago, IL 60604

John J. Scharkey
Sweeney & Scharkey, LLC
111 West Washington Street
Suite 1160
Chicago, IL 60602

Alyssa Mogul, Esq
Grund & Leavitt PC
812 N. Dearborn St.
Chicago, IL 60610

Lawrence M. Benjamin
Reed Smith LLP
10 South Wacker Drive, 40th FL
Chicago, IL 60606

**Via Mail:**

John J. Pappas, Jr.
23 W. County Line Rd.
Barrington Hills, IL 60010

Ashley Funding Services, LLC
its successors and
assigns as assignee of Laboratory
Corporation of America Holdings
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Capital One NA
c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

Chase Freedom
PO Box 15153
Wilmington, DE 19886

Chase Rapid Rewards Mastercard
PO Box 15153
Wilmington, DE 19886

Department of Treasury-Internal Revenue
Service
230 S. Dearborn
Room 2600, M/S 5014CHI
Chicago, IL 60604

Home Depot-Citibank
PO Box 790328
Saint Louis, MO 63179

HSBC Bank National Association, as Trustee
c/o Ocwen Loan Servicing, LLC
Attn: Bankruptcy Department
P.O. Box 24605
West Palm Beach, FL 33416-4605

J&B Mechanical, Inc.
128 West Pratt Blvd.
Schaumburg, IL 60172

JPMorgan Chase Bank, N.A.
c/o Heavner, Beyers & Mihlar, LLC
Post Office Box 740
Decatur, IL 62525

JPMorgan Chase Bank, N.A. National
Bankruptcy Dept.
P.O. Box 29505 AZ1-1191
Phoenix, AZ 85038-9505

Mazda Capital Services
PO Box 78074
Phoenix, AZ 85062

Nordstrom Bank Visa
PO Box 79137
Phoenix, AZ 85062-9137

Ocwen Loan Servicing LLC
PO Box 24738
West Palm Beach, FL 33416-4738

Ocwen Loan Servicing, LLC as servicer for
HSBC BAN
c/o Codilis & Associates
15W030 N. Frontage Road, Suite 100
Burr Ridge, IL 60527

Pappas & Healy LLC
221 N LaSalle St Suite 5400
Chicago, IL 60610

PNC Bank
2739 Liberty Ave.
Pittsburgh, PA 15222

PNC BANK, N.A.
PO BOX 94982
CLEVELAND, OHIO 44101

Sears Mastercard
PO Box 9001055
Louisville, KY 40290-1055

Wintrust Bank
Brandon R Freud
200 N LaSalle St, Suite 2020
Chicago, IL 60601

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 16-13061 |
| JOHN J. PAPPAS, SR., ) | Chapter 11 |
| ) | Hon. Pamela S. Hollis |
| *Debtor*. ) | |
| ) | |

**NOTICE OF HEARING ON MOTION FOR ALLOWANCE OF
FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES
TO DEBTOR'S COUNSEL AND FOR RELATED RELIEF**

**TO ALL CREDITORS AND PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on February 21, 2019, David K. Welch, of Burke, Warren, MacKay & Serritella, P.C., counsel for the Debtor, filed a Motion for Allowance of Final Compensation and Reimbursement of Expenses (the "BWMS Motion"), requesting the sum of $49,140.00 for legal services rendered to the Debtor for the period commencing November 6, 2017 through and including October 4, 2018, plus costs advanced for the same period in the sum of $425.27.

PLEASE TAKE FURTHER NOTICE that any person objecting to the BWMS Motion, is directed to file their objection(s) in writing with the Clerk of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, on or before the hour of 4:30 p.m., on the **11th day of March, 2019**, with a copy of said objection(s) to be simultaneously served upon David K. Welch, Burke, Warren, MacKay & Serritella, P.C., 330 N. Wabash, 21st Floor, Chicago, Illinois 60611.

PLEASE TAKE FURTHER NOTICE that a hearing on the BWMS Motion, together with objections timely filed, if any, will be held before the Honorable Pamela S. Hollis, Bankruptcy Judge, Courtroom No. 644, 219 South Dearborn Street, Chicago, Illinois, on the **14th day of March, 2019, at the hour of 10:00 a.m.**, at which time and place you may appear if you so see fit.

DATED: February 21, 2019

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Brian P. Welch, Esq. (Atty. No. 6307297)
BURKE, WARREN, MACKAY & SERRITELLLA, P.C.
330 N. Wabash, 21st Floor, Chicago, IL 60611
TEL: (312) 840-7000

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 16-13061 |
| JOHN J. PAPPAS, SR., ) | Chapter 11 |
| ) | Hon. Pamela S. Hollis |
| *Debtor.* ) | |
| ) | |

COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION

Name of Applicant: Burke Warren, MacKay & Serritella, P.C., Debtor's Counsel

Authorized to Provide
Professional Services to:   John J. Pappas, Sr., Debtor

Date of Order
Authorizing Employment: November 30, 2017 (Retroactive to November 6, 2017)

Period for Which Compensation
is Sought: From: November 6, 2017 through October 4, 2018

Amount of Fees Sought: $49,140.00

Amount of Expense
Reimbursement Sought: $ 425.27

This is a(n):   Interim Application _____   Final Application __X__
If this is not the first Application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed |
|---|---|---|---|
| None | | | |

The aggregate amount of fees and expenses paid to the Applicant to date for services rendered and expenses herein is: **None**

Date:  February 21, 2019                David K. Welch and the firm of
                                        Burke, Warren, MacKay & Serritella, P.C.

                          Applicant:    By:__/s/David K. Welch_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | No. 16-13061 |
| JOHN J. PAPPAS, SR., ) | Chapter 11 |
| ) | Hon. Pamela S. Hollis |
| *Debtor.* ) | |

### MOTION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES TO DEBTOR'S COUNSEL

David K. Welch and the law firm of Burke, Warren, MacKay & Serritella, P.C., ("BWMS"), Counsel to John J. Pappas, Sr., Debtor herein, make their Motion pursuant to Section 330 of the Bankruptcy Code for Final Allowance of Compensation and Reimbursement of Expenses for legal services rendered and expenses incurred during the period November 6, 2017 through October 4, 2018; and in support thereof, state as follows:

### Introduction

1.  On April 18, 2016, the Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code ("Petition Date").

2.  The Debtor operated his business and managed his financial affairs as Debtor in Possession through confirmation of his Plan or Reorganization ("Plan"). No trustee, examiner or committee of unsecured creditors was appointed to serve in this reorganization case.

3.  On November 30, 2017, this Court entered an Order authorizing the Debtor to retain BWMS as his Counsel in this Chapter 11 case retroactive to November 6, 2017, with compensation subject to the further Order of this Court.[1]

---

[1] On November 6, 2017, David K. Welch and Brian P. Welch moved their law practice form Crane, Heyman, Simon, Welch & Clar to BWMS. The Debtor elected to have David K. Welch and Brian P. Welch continue their representation of the Debtor and to have BWMS employed as counsel of record.

1

4. By this Motion, BWMS requests a final allowance of compensation and reimbursement of expenses in the amounts of $49,140.00 and $425.27, respectively, for legal services rendered to the Debtor during the period of November 6, 2017 through October 4, 2018. Itemizations of the legal services rendered and expenses incurred during this relevant period are attached to this Motion as **Exhibits A through F**.

5. BWMS has not received any prior allowances of interim compensation and expenses in this Chapter 11 case.

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (O).

7. The statutory predicates for the relief requested in this Motion are Section 330 of the Bankruptcy Code, Rules 2002(a) and 2016(a) of the Federal Rules of Bankruptcy Procedure and Rule 5082-1 of the Local Rules of this Court.

**General Background**

8. The Debtor is an attorney licensed to practice law in the State of Illinois and is a member of the law firm of The Pappas Law Group, LLC. The Debtor also owns and operates Shamrock Farms which is a horse farm located in Barrington Hills, Illinois ("Horse Farm").

9. Wintrust Bank, f/k/a North Shore Community Bank & Trust Co. ("Bank"), is asserting two (2) claims against the Debtor and his former law firm, Pappas & Healy LLC ("P&H") in an aggregate amount of approximately $600,000.00 ("Aggregate Indebtedness").

10. The Aggregate Indebtedness is comprised of amounts allegedly due under two (2) business notes due from P&H in the approximate amount of $200,000.00 and an alleged overdraft in an account of P&H at the Bank in the approximate amount of $397,631.30. This overdraft arose

from a wire transfer from P&H's account at the Bank that was funded by the Bank when the account lacked sufficient funds to cover the wire transfer. The Debtor and P&H assert that the Bank was negligent in funding this wire transfer and despite this knowledge, the Bank processed the wire transfer to a third party (the "Wire Transfer"). The Bank asserts that the Aggregate Indebtedness is also purportedly secured by a mortgage on the Debtor's residence in Barrington Hills, Illinois ("Residence").

11. Prior to the Petition Date, the Bank confessed judgment on the amounts allegedly due and owing under the P&H business notes and, then, aggressively pursued collection of this judgment by, among other things, setting off against P&H accounts at the Bank. Among the accounts against which the Bank setoff was P&H's IOLTA client's funds account. The Bank returned the funds in the IOLTA account after objections were filed by P&H and certain P&H clients to this inappropriate action by the Bank.

12. The Bank also filed a foreclosure in the Circuit Court of Lake County, Illinois against the Residence in an effort to collect the Aggregate Indebtedness.

13. These actions against P&H and the Debtor by the Bank were the major contributing factors to the Debtor's inability to make his substantial maintenance payment obligations to his former spouse. These same actions by the Bank were the triggering events for the filing of this Chapter 11 case.

14. As of the Petition Date, the Debtor and Katherine Pappas ("Katherine") – the Debtor's former spouse – were engaged in post-judgment decree litigation pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois ("State Court") relating to their divorce proceeding commonly referred to as *In re the Marriage of Pappas*, No. 10 D 0219 (the "Divorce Proceeding").

15. Prior to the Petition Date, on January 5, 2016, Katherine filed a Petition for Adjudication of Indirect Civil Contempt in the Divorce Proceeding (the "Contempt Petition"), relating to a purported arrearage in maintenance payments owed by the Debtor in the amount of $10,500.00 pursuant to a Marital Settlement Agreement ("MSA") dated June 29, 2011. Pursuant to the MSA, the Debtor was obligated to make monthly payments of $7,000 (payable in installment payments of $3,500 due on the 1st and 15th of each month) to Katherine.

16. In response, the Debtor filed a Petition for Termination or Modification of Payment of Maintenance to Katherine (hereinafter referred to individually as the "Maintenance Petition", and collectively, with the Contempt Petition, as the "Divorce Litigation") in the Divorce Proceeding. In the Maintenance Petition, the Debtor asserted adverse changes in his financial circumstances which affect his ability to continue to pay maintenance to Katherine pursuant to the terms of the MSA.

17. Subsequent to the Petition Date, the Debtor and Katherine[2] agreed to modify the automatic stay to allow the Divorce Litigation to proceed, and on August 2, 2016 this Court entered an Order modifying the automatic stay "for the limited purpose of allowing the [Divorce] Litigation to proceed to permit [Katherine] and the Debtor to establish their respective claims against each other in the State Court with respect to" the Divorce Litigation. [Dkt. No. 33 ¶ A] (the "Stay Relief Order").

---

[2] On June 27, 2016, Katherine filed a Proof of Claim in this Chapter 11 case asserting a pre-petition claim under the MSA against the Debtor in the aggregate amount of $30,800.00 [Claim No.3]. As of November 28, 2017, Katherine asserted that the aggregate post-petition arrearage owed by the Debtor under the MSA "is over $135,000.00 not taking into account attorney's fees in which might be allowed by the State Court." [Dkt. No. 126, ¶ 10]. On information and belief, Katherine asserted that post-petition amounts due and owing under the MSA, excluding attorneys' fees, totaled in excess of $200,000.00.

4

18. Following the entry of the Stay Relief Order, the Divorce Litigation continued in the State Court. The Divorce Litigation was scheduled for an evidentiary hearing on April 18, 2018 to establish the ongoing maintenance obligation of the Debtor.

19. Immediately prior to the evidentiary hearing scheduled for April 18, 2018, the Debtor and Katherine reached a settlement, in principal, of the issues in the Divorce Litigation.

20. The settlement agreement between the Debtor and Katherine is memorialized in an Agreed Order dated April 16, 2018, which, by its terms is "subject to the approval by the Bankruptcy Court."

21. On June 14, 2018, this Court entered an Order approving the settlement between the Debtor and Katherine pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure.

22. The Debtor also negotiated a global settlement with the Bank that completely restructured the Aggregate Indebtedness to be implemented under the Plan.

23. Similarly, Ocwen Mortgage Services ("Ocwen"), the senior mortgage lender with a lien on the Residence, also restructured its mortgage debt in conjunction with confirmation of the Plan.

24. Finally, on October 4, 2018, after denying certain objections to confirmation, this Court entered an Order under Section 1129 of the Bankruptcy Code confirming the Plan.

**Final Compensation and Reimbursement of Expenses**

25. BWMS is a full-service, independent law firm comprised of approximately 70 lawyers that is based in Chicago, Illinois and organized into several practice groups.

26. The following biographical information pertains to those attorneys who have been primarily involved in the representation of the Debtor. Other professionals at BWMS have also

5

participated to a lesser extent in this Chapter 11 case. Each such professional has significant experience and expertise in bankruptcy, reorganization, litigation and other matters.

27.    DAVID K. WELCH is a Shareholder of BWMS and is the Chair of BWMS' Restructuring, Insolvency and Bankruptcy Group. He has been practicing law in the State of Illinois since 1982. His practice has always been primarily concentrated in the fields of bankruptcy, insolvency and debtor's and creditor's rights. He has represented debtors, trustees, creditors' committees, secured creditors, unsecured creditors and equity holders. From October 1979, through June 1982, he served as Deputy Chapter 13 Trustee in the Northern District of Illinois under Craig Phelps, Chapter 13 Trustee. He has authored writings for the Illinois Institute of Continuing Legal Education on matters involving bankruptcy and insolvency. He has lectured at seminars relating to bankruptcy issues at the Chicago Bar Association, American Bankruptcy Institute, Law Education Institute and Colorado Bar Association. He has served as a member of the Bankruptcy Mediation Panel Sub-Committee of the Chicago Bar Association. Furthermore, in conjunction with this financial mediation and negotiation training, he has completed a course sponsored by the National Institute for Trial Advocacy in conjunction with Northwestern University. He is a member of the Federal Trial Bar and is admitted to practice before the United States Courts of Appeals for the Seventh and Third Circuits, and before the United States District Courts for the Northern and Central Districts of Illinois, the Northern District of Indiana and the Eastern District of Wisconsin. He is a member of several other bar associations and legal organizations. He was formerly a member of the Standing Committee of the Illinois State Bar Association on Liaison with the Attorney Registration and Disciplinary Commission. Mr. Welch is the former Chairman of the Chicago Bar Association Committee on Bankruptcy and

6

Reorganization, is a current member of the Advisory Board of the American Bankruptcy Institute and is the former Vice Chair of the Bankruptcy Court Liaison Committee.

28.    BRIAN P. WELCH is a Partner with BWMS and is a member of BWMS' Restructuring, Insolvency and Bankruptcy Group. He has represented a diverse group of clients including individual and corporate debtors in Chapter 11 and Chapter 7 proceedings, secured and unsecured creditors, estate representatives such as Chapter 7 and Chapter 11 trustees, plan administrators and assignees for the benefit of creditors. He has a broad range of experience in both State and Federal Courts, including representation of creditors in State Court, with respect to contract and mortgage foreclosure actions. Prior to joining BWMS, Mr. Welch was an associate in the law firm of Crane, Heyman, Simon, Welch & Clar. Before joining Crane, Heyman, Simon, Welch & Clar, Mr. Welch was an associate in the Chicago Bankruptcy & Creditors' Rights and Litigation groups at Arnstein & Lehr LLP. He graduated *cum laude* from The John Marshall Law School in 2011 and received his B.A. from the University of Illinois in 2008. While in law school, he was a member of the John Marshall Law Review and served on The John Marshall Moot Court Honors Executive Board. Mr. Welch represented The John Marshall Law School in several national Inter-scholastic competitions, including the Hon. Conrad B. Duberstein Bankruptcy Moot Court Competition (Spring 2011), where his team received an "Outstanding Brief" award. Mr. Welch has been recognized as a "Rising Star" in Business Bankruptcy by *Illinois Super Lawyers*, and as an "Emerging Lawyer" in Bankruptcy & Workout Law by *Illinois Emerging Lawyers*.

Mr. Welch is admitted to practice in the United States Court of Appeals for the Seventh Circuit, the United States District Court for the Northern District of Illinois and in the State of Illinois. He is an active member of the American Bankruptcy Institute, the American Bar

Association, and the Illinois State Bar Association. He has been published in various local and national publications. His articles include:

Co-Author, "Abstention: Recent Developments", Norton Annual survey of Bankruptcy Law, Volume 2012, Issue 2012, 2012 Ann. Surv. Bankr. Law 18 (2012).

"7th Circuit Successor Liability Law as Extended by Ordonez v. Akorat", Illinois State Bar Ass'n, Commercial Banking, Collections & Bankruptcy Law, Vol. 56, No. 4 (February 2012).

Co-Author, Chapter: "The Impact of Foreclosure and Bankruptcy on Commercial Leases", Advanced Commercial Landlord-Tenant Law, National Business Institute (June 2012).

Brian P. Welch, Comment, *Inconscionable Amateurism: How the NCAA Violates Anti-Trust by Forcing Athletes to Sign Away Their Image Rights*, 44 J. Marshall L. Rev. 533 (2011).

American Bankruptcy Institute, "Ability to Extend the Real Estate Tax Redemption Deadline", (7/31/15).

29. The hourly rates typically charged by BWMS are based on years of experience, degree of specialization and expertise, and level of professional attainment. The current hourly rates of those persons having rendered legal services to the Debtor range from $65.00 to $180.00 per hour for paralegals and clerks; $180.00 to $310.00 per hour for associates; and $310.00 to $510.00 per hour for partners.

30. The following is a chart that depicts the total hours each attorney at BWMS expended in representing the Debtor during the relevant period:

| **Attorney** | **Hours** | **Hourly Rate** | **Amount** |
|---|---|---|---|
| David K. Welch | 81.40 | $510.00 | $41,514.00 |
| Brian P. Welch | 24.60 | $310.00 | $7,626.00 |
| **Total:** | **106** | | **$49,140.00** |

31. During the course of the representation of the Debtors during the relevant period, BWMS incurred expenses of $425.27. These expenses are itemized on **Exhibit F** to this Motion.

8

**Legal Services Rendered to the Debtor**

32. The representation of the Debtor is categorized in this Motion as follows:

A) **General Administration**

The matters in this category include assisting the Debtor with the general administration of the bankruptcy case and filing routine motions. Also included in this category are legal services related to assisting the Debtor with its monthly operating reports and other bankruptcy administrative matters and responding to general creditor inquiries.

**Total Time Expended**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 2.70 | $527.00 |
| Brian P. Welch | 1.70 | $1,377.00 |
| **TOTAL** | **4.40** | **$1,904.00** |

Attached to this Motion as **Exhibit A** is an itemization of the legal services rendered in this category.

B) **Wintrust Bank Issues**

This Chapter 11 case was filed in response to aggressive collection efforts by the Bank primarily emanating from the issues involving the Wire Transfer. Shortly after the Petition Date, the Bank filed a motion to dismiss or convert this Chapter 11 case. The Bank swiftly withdrew this Motion. The Debtor sought and obtained an order from this Court to Conduct Rule 2004 discovery of the Bank. The Debtor also agreed to Rule 2004 discovery of the Debtor by the Bank. The Debtor and the Bank produced documents to each other pursuant to subpoena and the Debtor took the deposition of the Bank pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. After this discovery, BWMS filed objections to the Bank's claims. The Debtor also then filed the State Court Negligence Complaint against the Bank. Eventually, after substantial negotiations, the Debtor and the Bank agreed to settle by restructuring the repayment terms for the Aggregate Indebtedness. This settlement, which is incorporated into the Plan, is the cornerstone of the Plan.

**Total Time Expended**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 15.80 | $8,058.00 |
| Brian P. Welch | 1.30 | $ 403.00 |

9

**TOTAL**                       17.10                    $8,461.00

Attached to this Motion as **Exhibit B** is an itemization of the legal services rendered in this category.

C) **Post-Decree Dissolution Matters**

Another important issue in this Chapter 11 case relates to the Debtor's efforts in State Court to modify his post-decree maintenance obligations to his former spouse. This issue greatly impacted the feasibility aspect of the Plan. The Debtor retained special counsel for this State Court matter. BWMS generally assisted the Debtor and special counsel on this important issue. The resolution of these issues also was very important to insuring confirmation of the Plan.

**Total Time Expended**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 20.00 | $10,200.00 |
| Brian P. Welch | 8.50 | $ 2,635.00 |
| **TOTAL** | **28.50** | **$12,835.00** |

Attached to this Motion as **Exhibit C** is an itemization of the legal services rendered in this category.

D) **Hurst/Dickerson Motion to Modify Stay**

Prior to the Petition Date, the Debtor was embroiled in litigation in the State Court with Messrs. Hurst and Dickerson. When the Debtor's complaint was dismissed by the State Court, the Debtor appealed. While this appeal was pending, Messrs. Hurst and Dickerson moved for relief from the stay in this Court so as to pursue an alleged claim for malicious prosecution against the Debtor. After briefing and oral argument, this Court denied the relief requested in this stay relief motion.

**Total Time Expended**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 5.30 | $2,703.00 |
| Brian P. Welch | 10.60 | $3,286.00 |
| **TOTAL** | **15.90** | **$5,989.00** |

Attached to this Motion as **Exhibit D** is an itemization of the legal services rendered in this category.

E)   **Chapter 11 Exit Strategy**

BWMS has fully advised the Debtor with respect to his obligations relating to the formulation, amendment and confirmation of the Plan and supporting Disclosure Statement. The exclusive periods relating to the Plan were extended by Orders of this Court, at times, over the objections of the Bank. This Court entered an Order confirming the Plan on October 4, 2018, after overruling the objections to confirmation filed by Messrs. Hurst and Dickerson. The Plan implements the settlements and restructurings with the Bank, Katherine and Ocwen.

**Total Time Expended**

| Attorney | Hours | Amount |
|---|---|---|
| David K. Welch | 37.60 | $19,176.00 |
| Brian P. Welch | 2.50 | $   775.00 |
| **TOTAL** | **40.10** | **$19,951.00** |

Attached to this Motion as **Exhibit E** is an itemization of the legal services rendered in this category.

33.   BWMS has also incurred expenses in the aggregate amount of $425.27 which are itemized as **Exhibit F** to this Motion.

**Conclusion**

34.   Other than as provided in Section 504(b) of the Bankruptcy Code, BWMS has not shared, nor agreed to share, any compensation received as a result of these cases with any person, firm or entity.

35.   BWMS asserts that the compensation requested in this Motion is reasonable compensation for the actual and necessary legal services rendered based upon the time, nature, extent and value of such professional services. BWMS further asserts that the cost of legal services rendered for and on behalf of the Debtor are comparable to the cost of similar services in matters other than under the Bankruptcy Code.

11

36. BWMS asserts that the expenses for which reimbursement is sought in this Motion are reasonable and were actual and necessary expenditures required in the representation of the Debtor.

37. BWMS submits that the compensation and expenses requested are fair, reasonable and warranted under the circumstances.

WHEREFORE, DAVID K. WELCH and the law firm of Burke Warren, MacKay & Serritella, P.C., Debtors' Counsel, request the entry of an Order allowing final compensation and reimbursement of expenses in the amounts of $49,140.00 and $425.27, respectively; and granting such other and further relief as this Court deems just and appropriate.

Respectfully Submitted,

David K. Welch, and the Law Firm of
Burke, Warren, MacKay & Serritella, P.C.

By: David K. Welch
     One of His Attorneys

**DEBTOR'S COUNSEL**:
David K. Welch, Esq. (Atty. No. 06183621)
Brian P. Welch (Atty. No. 6307292)
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash Ave., Suite 2100
Chicago, IL 60611
TEL: (312) 840-7000 -- FAX: (312) 840-7900